**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC. | * * * | CIVIL ACTION NO. 09-00467 |
| Versus | * * | JUDGE:  REBECCA F. DOHERTY |
| TAYLORS INTERNATIONAL SERVICES, INC. | * * | MAGISTRATE:  MILDRED E. METHVIN |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO STRIKE</u>**

                                        Michael D. Skinner (Bar # 12118)
                                        Skinner Law Firm, L.L.C.
                                        600 Jefferson Street, Suite 810
                                        Lafayette, Louisiana  70501
                                        Telephone: 337.354.3030
                                        Facsimile:  337.354.3032
                                        Email:  mike@law.glacoxmail.com

                                        and

                                        Reagan M. Brown (*pro hac vice*)
                                        Charles Jason Rother (*pro hac vice*)
                                        Fulbright & Jaworski L.L.P.
                                        1301 McKinney, Suite 5100
                                        Houston, Texas  77010-3095
                                        Telephone: 713.651.5151
                                        Facsimile:  713.651.5246
                                        Email:  rbrown@fulbright.com
                                                   crother@fulbright.com

                                        **Counsel for Plaintiff**

85240135.2

Esso Exploration and Production Chad, Inc. ("Esso Chad") files this response to the Motion to Strike ("Motion") filed by Taylors International Services, Inc. ("Defendant").[1]

## I. SUMMARY OF ARGUMENT

Defendant seeks to exclude "any and all extrinsic evidence not contained in the complaint" from this Court's consideration of Defendant's Motion(s) to Dismiss. Defendant seeks this relief despite having submitted extensive, unsupported factual allegations in its previous motions and reply briefing (which include a jurisdictional challenge).[2] In effect, Defendant wants one rule to apply to its filings (to allow the Court to consider any and all extrinsic evidence and unsupported "factual" allegations) and another rule to apply to Esso Chad's filings (to allow the Court to consider nothing except what is in the Complaint).

Defendant's Motion should be denied for the following reasons:

1. Defendant's motions and replies are replete with factual (albeit inaccurate and unsupported) allegations. Defendant cannot attack Esso Chad's Complaint through the repeated use of extrinsic, unsupported "factual" allegations outside of the Complaint and then complain when Esso Chad responds with supported facts to provide this Court with the *accurate* factual background; and,

2. Because Defendant has challenged the standing of Esso Chad to bring its claims (which constitutes a challenge to subject matter jurisdiction), this Court may consider extrinsic evidence outside the pleading.

---

[1] *See* Motion To Strike (Docket No. 36).

[2] A brief chronology of the prior pleadings and motions in this matter is as follows:

| | |
|---|---|
| March 24, 2009 | Plaintiff's Complaint (Docket No. 4). |
| May 8, 2009 | Defendant's Motion To Dismiss (Docket No. 17). |
| June 15, 2009 | Plaintiff's Am. Complaint (Docket No. 26). |
| June 15, 2009 | Plaintiff's Opposition To Motion To Dismiss (Docket No. 27). |
| July 22, 2009 | Defendant's Reply To Opposition (Docket No. 30-3). |
| July 23, 2009 | Defendant's Motion To Dismiss Am. Complaint (Docket No. 31). |
| August 28, 2009 | Plaintiff's Opposition To Motion To Dismiss Am. Complaint (Docket No. 35). |
| September 4, 2009 | Defendant's Motion To Strike (Docket No. 36). |
| September 9, 2009 | Defendant's Reply To Opposition (Docket No. 40). |

## II.  ARGUMENT AND AUTHORITIES

### A.  Defendant's Use Of Extrinsic Evidence Justifies Esso Chad's Submission Of Same In Response To Defendant's Arguments

Defendant has repeatedly cited to "facts" outside of Esso Chad's Complaint and Amended Complaint and attacked the factual basis for Esso Chad's claims.[3]  Defendant should not be allowed to create a Catch-22 by (1) seeking a dismissal of Plaintiff's claims under the guise of a Rule 12(b)(6) motion while citing and incorporating unsupported, extrinsic evidence; and then (2) simultaneously asking this Court to ignore supported evidence Esso Chad submitted in response to Defendant's unsupported arguments.  Defendant cannot have it both ways.

Initially, the Fifth Circuit views a Rule 12(b)(6) motion with disfavor and is one that should be granted rarely.[4]  The district court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[5]  For that reason, a district court generally is confined to considering only the allegations in the complaint when deciding a Rule 12(b)(6) motion.[6]  But when the defendant presents material outside the pleadings in support of its Rule 12(b)(6) motion, and the court decides to consider that extrinsic evidence, the plaintiff must be given the opportunity to present evidence contrary to that material.[7]

---

[3]  *See e.g.* Docket No. 17-2 at pp. 2-6 (arguing that "plaintiff's claim is unsupported in law ***or fact***" (emphasis added), incorporating a "background information" section that (a) asserts numerous, distinct factual allegations not contained within Esso Chad's complaint, and (b) cites to two extrinsic documents as exhibits (correspondence submitted in prior litigation), and seeking dismissal via a waiver argument based upon extrinsic evidence); Docket No. 30-3 at pp. 3-4 (listing 12 bullet point "facts" – described as "operative facts" – and including a discussion of extrinsic, alleged facts as to what corporate structure Esso Chad (and ExxonMobil) use in their operations); Document No. 40-3 at p. 2 (invoking the facts "detailed in prior filings" that relate to the previously cited extrinsic evidence and attaching copies of web pages).

[4]  *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997).

[5]  *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).

[6]  *Southwestern Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008).

[7]  *See Kopec v. Coughlin*, 922 F.2d 152, 155-56 (2d. Cir. 1991); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) (holding that where a district court grants a motion to dismiss based upon facts outside the complaint, the non-moving party is entitled to the procedural safeguards of Rule 56).

At most, Defendant's argument regarding the attachment of purported extrinsic evidence means the pending motion to dismiss would be converted into a motion for summary judgment.[8] Regardless of whether the procedure is couched as dismissal or summary judgment, the result is the same: Defendant loses. Defendant's Motion is nothing more than a tacit admission that it has not and cannot answer Esso Chad's arguments on the merits.[9]

### B. Defendant's Standing Challenge Allows The District Court To Consider Extrinsic Evidence

As noted in Esso Chad's initial opposition, unchallenged by Defendant in its replies, and not mentioned in its Motion, a standing challenge raised in a motion to dismiss involves a challenge to the complaint under Rule 12(b)(1) for want of subject matter jurisdiction.[10]

Here, Defendant has challenged Esso Chad's standing (and, thus, the subject-matter jurisdiction). When examining a factual challenge to subject-matter jurisdiction, the district court may consider items outside the pleading to resolve the factual challenge to subject-matter jurisdiction without converting the motion to dismiss to one for summary judgment.[11]

---

[8] *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 n.7 (5th Cir. 1993).

[9] Esso Chad has filed lengthy opposition briefing conclusively rebutting each one of Defendant's arguments in its Motion(s) to Dismiss. Defendant has confirmed that it has no new arguments to address Esso Chad's rebuttal arguments on the merits – noting that while it was not conceding, it did not wish to "regurgitate" its prior arguments – that Esso Chad has rebutted. (Docket No. 40-3, n. 1.) Rather, in its most recent reply (Docket No. 40-3), Defendant raises arguments that are not even connected to Esso Chad's claims. Defendant submits lengthy argument and extrinsic evidence defending the value of the sale of Defendant to the Trellech entity (attaching web pages of United Kingdom law related to setting aside corporate transactions and allegedly applicable to the sale). However, Esso Chad seeks to hold Defendant liable for the legal obligation of Taylors International Services, Ltd. under alter-ego / single business enterprise claims; it does not seek (and is not required to attempt) to undo the sale as part of its claims. As noted in Esso Chad's initial opposition (and unchallenged by Defendant) – Esso Chad has standing to sue because Alderney law does not recognize a claim for alter-ego or single business enterprise. Whether or not the liquidator could have sought to set aside the sale of Defendant to the Trellech entity under Alderney law (or any other law) has no impact on Esso Chad's standing (and even if it did, the law that Defendant relies on actually proves the Liquidator could not have sought to set aside the sale because it occurred more than two years before the insolvency proceeding was instituted).

[10] *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541-42 (1986); *Chair King, Inc. v. Houston Cellular Corporation*, 131 F.3d 507, 509 (5th Cir. 1997).

[11] *See Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *Clark v. Tarrant County, Texas*, 798 F.2d 736, 741 (5th Cir. 1986).

Accordingly, the Court may allow Esso Chad to provide evidence to further particularize the allegations of fact deemed supportive of its standing.[12]

## III. CONCLUSION

For the foregoing reasons, Esso Exploration and Production Chad, Inc. respectfully requests that this court deny Taylor International Services, Inc.'s Motion To Strike (and Motion(s) to Dismiss).

Respectfully Submitted By:

/s/ Michael D. Skinner
Michael D. Skinner (Bar # 12118)
Skinner Law Firm, L.L.C.
600 Jefferson Street, Suite 810
Lafayette, Louisiana  70501
Telephone: 337.354.3030
Facsimile:  337.354.3032

Reagan M. Brown (*pro hac vice*)
Charles Jason Rother (*pro hac vice*)
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone: 713.651.5151
Facsimile:  713.651.5246

**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Michael D. Skinner
Attorney

---

[12] *See Matte v. Sunshine Mobile Homes, Inc.*, 270 F.Supp.2d 805, 812-813 (W.D. La. 2003).  Because Esso Chad has filed an Amended Complaint, any standing challenge Defendant may seek to make must be on the basis of the allegations in the Amended Complaint and the affidavits and evidence Esso Chad has appropriately provided.  Since filing of the Amended Complaint and evidence related to its standing, Defendant has not asserted any arguments directed at Esso Chad's standing to bring such claims under the Amended Complaint.