RECEIVED

JUN - 8 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ESSO EXPLORATION AND PRODUCTION CHAD, INC. | CIVIL ACTION NO. 09-0467 |
| VERSUS | JUDGE DOHERTY |
| TAYLORS INTERNATIONAL SERVICES, INC. | MAGISTRATE JUDGE METHVIN |

## ORDER

Currently pending before the Court is defendant's "Motion for Leave to File Memorandum In Reply to Opposition to Taylors International Services, Inc.'s Motion to Dismiss Amended Complaint." [Doc. 40] For the following, non-exclusive reasons, the motion is DENIED:

1. The proposed reply memorandum contains several assertions by counsel, purporting to set forth Alderney law with regard to the sale of Taylors Inc. by Taylors Ltd. Counsel's assertions are supported only by selected portions of what counsel asserts is the "UK Insolvency Act of 1986 (as amended)," which was purportedly "extended to Alderney . . . as a result of statutory instrument 1989 No. 2409 . . . ." [Doc. 40-2, p.3] This Court finds the evidence put forth by defendant to be insufficient to carry defendant's threshold burden of establishing the law applicable to the claims it asks this Court to dismiss.[1]

---

[1] As stated in *Republic of Turkey v. OKS Partners*, 146 F.R.D. 24, 27 (D.Mass. 1993):

> Although each case is distinct in its circumstances, a review of the reported decisions involving Rule 44.1 is instructive in providing a general sense of the types of materials courts consider in actual practice. It appears fairly universal that "written or oral expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is proved." *Ganem v. Heckler*, 746 F.2d 844, 854 (D.C.Cir., 1984) (citations omitted); *see also, Remington Rand v. Business Systems Incorporated*, 830 F.2d 1260, 1263 (3 Cir., 1987); *Kaho v. Ilchert*, 765 F.2d 877, 882-884 (9 Cir., 1985); *Twohy v. First National Bank of Chicago*, 758 F.2d 1185, 1192 (7 Cir., 1985); *United States v. First National Bank of Chicago*, 699 F.2d 341, 343 (7 Cir., 1983); *Kalmich v. Bruno*, 553 F.2d 549, 555 n. 4 (7 Cir., 1977); *Government of Peru v. Johnson*, 720 F.Supp. 810, 811-814 (C.D.Ca., 1989); *Chadwick v. Arabian American Oil Company*, 656 F.Supp. 857, 860-861 (D.Del., 1987); *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F.Supp. 697, 699-700 (E.D.Pa., 1984); *Curtis v. Beatrice Foods Co.*, 481 F.Supp. 1275, 1285 (S.D.N.Y., 1980). Courts are also found to reference foreign case law decisions, treatises and learned articles. *See, e.g., Remington Rand*

2.  The proposed reply memorandum contains numerous assertions of fact, with no evidence in support thereof, other than the argument of counsel contained within the proposed reply memorandum.

The Court additionally notes the following: (1) the facts asserted by defendant in the proposed reply are set forth to oppose assertions **of fact** made by plaintiff in its opposition memorandum; (2) defendant has stated on at least two occasions that it "does not consent, nor is it prepared, to convert the issues to a Federal Rule 56 motion" [Docs. 30-2, p.1; 36-2, p.1]; and (3) and defendant **appears to admit** there are numerous factual issues that must be resolved before it can be granted the relief it requests when it states, "[t]he matters addressed by Esso Chad are better determined after full and adequate discovery." [Doc. 36-2, p.2] Accordingly, it would seem to continue down this path, at this juncture would result in needless cost to the parties and a waste of judicial resources by having this Court issue a ruling, addressing the rather voluminous briefing filed in support of defendant's motion to dismiss when the procedural flaws are fatal.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of June, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

v. *Business Systems Incorporated, supra*, 830 F.2d at 1264; *Kaho v. Ilchert, supra*, 765 F.2d at 882; *Twohy v. First National Bank of Chicago, supra*, 758 F.2d at 1194-1195; *Merican, Inc. v. Caterpillar Tractor Co., supra*, 596 F.Supp. at 703.

Additionally, the Court refers counsel to *Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp.*, 978 F.Supp. 266, 275 (S.D.Tex.1997) ("Under Rule 44.1 [of the Federal Rules of Civil Procedure] expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is determined."); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2444 ("Written or oral expert testimony accompanied by extracts from various kinds of foreign legal materials probably will continue to be the basic mode of proving foreign law."); *Lake Charles Cane LaCassine Mill, LLC v. SMAR Intern. Corp.*, 2007 WL 1695722, *2, n.3; *Gale v. Carnrite*, 559 F.3d 359 (5th Cir. 2000); and *Global Marine Shipping (No. 10) Ltd. v. Tidewater, Inc.*, 2004 WL 1920954 (E.D.La.).